Juan Alemañy Sosa, Petitioner, v. Industrial Commission
of Puerto Rico et al., Respondents.

No. 287.   Argued February 14, 1944.—Decided May 5, 1944.

*Virgilio Brunet* for petitioner.  *M. Rodríguez Ramos, Acting Attorney
General, G. Benítez Gautier, Deputy Attorney General,* and *Joa-
quina Pérez Cordero, Angel de Jesús Matos, Joaquín Correa Suá-
rez* and *A. Sandín del Manzano, Legal Advisors of the State
Insurance Fund,* for the Manager of the Fund.

Mr. Justice De Jesús delivered the opinion of the court.

The Manager of the State Insurance Fund, in assessing
the preliminary premium for the year 1942–43 which the em-
ployer Juan Alemañy Sosa had to pay, imposed on him a
penalty of twenty-five per cent, equivalent to an increase of
$158.15 in his premium.  The manager based this action on
Administrative Bulletin No. 800, which establishes a system
of merits in the insurance of the workman.  The employer
appealed to the Industrial Commission to challenge the pen-
alty imposed on him, and therein attacked the validity of
the Regulations.  The case was heard before the commission
in full as constituted on June 2, 1942, but in the decision of
the case the writer of the opinion was Mr. Enrique Campos

del Toro, who at the time of the hearing was not a member of the commission. The Industrial Commission affirmed the decision of the manager. The employer moved for reconsideration but the same was denied. Thereupon he appealed to this court, and assigned seven errors as committed by the Industrial Commission, among others, that of basing the decision appealed from on a document which was not introduced in evidence.

The commission upheld the validity of the Regulations, but in reviewing the action of the manager who imposed the penalty in question, it took into consideration a document which was not adduced in evidence, consisting of an account showing the balance of the employer's policy, there appearing therefrom that said policy had a deficit. The proof which was revealed by the document not adduced as evidence was indispensable to enable the commission to determine whether the manager acted correctly in applying the Regulations. The employer filed a motion for reconsideration on this and other grounds, but, as we have indicated, the same was denied. The manager admits that the document in question was not offered in evidence, but contends that all records of the manager may be taken into consideration by the commission without the need of their being admitted in evidence, alleging further that the employer, in his motion for reconsideration, did not impeach the credibility of said document.

As provided by §6 of the Workmen's Compensation Act, "the records of the investigation of cases in accordance with this Act, now in the possession of the Manager of the State Fund, *shall be admitted* as evidence by the Industrial Commission." (Italics ours.) The condition of admissibility does not mean that they may be considered as evidence if they have not been offered and admitted as such. By taking into consideration the document in controversy, the Industrial Commission deprived the employer of due process of law. *Mayagüez Sugar Co.* v. *Court of Tax Appeals*, 60

580

P.R.R. 737; *Casanovas & Cía., etc.* v. *Court of Tax Appeals,* 61 P.R.R. 630. It was not necessary for the employer to impeach, in his motion for reconsideration, the credibility of the document. He had a clear right that said document should not be considered as evidence if previously it had not been offered as such.

The conclusion which we have reached makes it unnecessary for us to pass upon the other errors assigned by the petitioner.

The decision appealed from must be reversed and the case remanded to the Industrial Commission for a new hearing wherein the employer should have the opportunity to be heard in connection with said document.